UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PRISON LEGAL NEWS, a project of the HUMAN RIGHTS DEFENSE CENTER, 2400 NW 80th Street – PMB #148 Seattle, WA 98117,<br><br>     Plaintiff,<br><br>          v.<br><br>Charles E. Samuels, Jr., Director FEDERAL BUREAU OF PRISONS 320 First Street NW, Washington, DC 20534,<br><br>     Defendant. | Civil Action No. _____ |

## VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF TO OBTAIN FREEDOM OF INFORMATION ACT INFORMATION

### I. **INTRODUCTION.**

This is an action under the Freedom of Information Act, 5 U.S.C. § 552 *et seq.*, as amended ("FOIA"), to require the disclosure of agency records that the Federal Bureau of Prisons ("BOP") has improperly withheld, and for other relief. Specifically, Prison Legal News ("PLN") seeks an order requiring BOP to provide documents and information responsive to three FOIA requests that PLN submitted on November 8, 2013, January 8, 2010, and January 18, 2008 (the "FOIA Requests"). The agency has failed to conclude its production for the 2008 Request and has failed to provide *any* responsive documents to the 2010 and 2013 Requests. In addition, among what documents have been produced in response to the 2008 Request, many contain redactions unaccompanied by any explanation or justification

1

for why the statutory exemptions BOP has invoked (to the extent it has done so explicitly, which was not uniformly the case) permit withholding the redacted material.  PLN thus seeks an order requiring BOP to conduct a reasonable search for documents responsive to the FOIA Requests, to produce such documents in a timely manner, and to release all documents and parts of them that FOIA requires the agency to produce.

## II.  JURISDICTION AND VENUE.

1. This Court has jurisdiction pursuant to 5 U.S.C. § 552 (2005).

2. Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e), as the agency resides in Washington D.C. and, on information and belief, at least some agency records to which Plaintiff seeks access are located in Washington, D.C.

## III.  PARTIES.

3. Plaintiff, Prison Legal News, is the registered trade name of the Human Rights Defense Center, a 501(c)(3) nonprofit entity organized under the laws of the State of Washington, located at 2400 NW 80th Street PMB #148, Seattle, WA 98117.  PLN has its headquarters in Lake Worth, Florida.

4. Defendant, Federal Bureau of Prisons, is an agency of the United States government, located at 320 First Street NW, Washington, DC 20534, and is the largest prison system in the country with facilities in almost every state and approximately 200,000 inmates.

## IV.  FACTS.

5. Since 1990, PLN has continuously published *Prison Legal News*, a monthly legal journal that reports news and litigation concerning detention facilities.

6. PLN has thousands of subscribers around the world and in maximum security prisons in all 50 states. In addition to prisoners, PLN's subscribers include lawyers, journalists, judges, courts, public libraries, and universities. The estimated actual readership is 90,000. PLN also maintains a website that has received more than 100,000 visitors per month.

### Chronology:  BOP Failed to Properly Respond to PLN's FOIA Requests

7. On January 18, 2008, PLN requested documents from BOP pursuant to FOIA documenting all money BOP paid for lawsuits and claims against it between August 1, 2003, up to and including January 21, 2008 (the "2008 Request"). PLN requested a copy of the verdict or settlement in each case identifying the dollar amount of damages, the plaintiff's or claimant's identity and the identifying information (*i.e.*, names, docket number, court) for each lawsuit, administrative claim, and/or attorney fee award. PLN also requested a copy of the complaint or other documents describing the facts of the case. This request is FOIA Request 2008-03376, a copy of which is attached as Exhibit A.

8. PLN requested a fee waiver from BOP for processing its 2008 Request and providing copies of the relevant documents.

9. According to the certified mail receipt, a copy of which is included with Exhibit A, BOP received this request on January 23, 2008. For over four months, PLN received no response to its 2008 Request.

10. On May 12, 2008, PLN inquired about the status of its 2008 Request via a follow-up letter to BOP, a copy of which is attached as Exhibit B. BOP replied to this letter on June 4, 2008, stating that the "current status of your [PLN's] request is that there are 80 requests in front of yours. Because each of these requests is complex and can involve

lengthy search and review time, it is not possible to give an accurate date of when your request will be completed." A copy of BOP's response is attached as Exhibit C.

11.  On December 30, 2009, PLN sent another follow-up letter to BOP, a copy of which is attached as Exhibit D, noting that it had heard nothing else from BOP in a year and a half. PLN again requested the disclosure of the documents in response to the 2008 Request.

12.  On January 8, 2010, PLN requested documents from BOP pursuant to FOIA documenting all money BOP paid for lawsuits and claims against it between January 22, 2008, up to and including January 8, 2010 (the "2010 Request"). PLN requested a copy of the verdict or settlement in each case identifying the dollar amount of damages, the plaintiff's or claimant's identity and the identifying information (*i.e.*, names, docket number, court) for each lawsuit, administrative claim, and/or attorney fee award. PLN also requested a copy of the complaint or other documents describing the facts of the case. This request is FOIA Request 2014-01468 (for reasons described below), a copy of which is attached as Exhibit E.

13.  PLN requested a fee waiver for processing its 2010 Request and providing copies of the relevant documents.

14.  PLN received no response to its 2010 Request.

15.  However, four days after it filed the 2010 Request, BOP sent a letter dated January 12, 2010, BOP acknowledging receipt of PLN's December 2009 letter regarding the *2008* Request. The BOP stated that "this request was assigned to a staff member, who subsequently left the agency and [the request] was not immediately reassigned," but that the request had been reassigned since the receipt of the follow-up letter. The BOP further stated

4

that the records, estimating 12,000 pages, had been requested and "[w]e anticipate we will receive all records on or around January 22, 2010. These records will be processed immediately upon their receipt from each of the locations." A copy of BOP's further response is attached as Exhibit F.

16. In a letter dated July 15, 2010, a copy of which is attached as Exhibit G, BOP said it was making its first production in response to the 2008 Request. Accompanying this letter were 15 files, totaling approximately 917 pages. The letter stated that BOP would be making its productions in a "rolling release" fashion. In a letter dated July 28, 2010, a copy of which is attached as Exhibit H, Paul Wright, on behalf of the Human Rights Defense Center, responded that this production was inadequate. He objected that the documents were not sent in electronic format, as requested, and that certain redactions were improper.

17. On or about July 31, 2010, BOP made a further production in response to the 2008 Request, consisting of a set of documents totaling approximately 124 pages.

18. In a letter dated September 6, 2011, a copy of which is attached as Exhibit I, BOP said it was making a further production in response to the 2008 Request. The letter stated, "[t]his is supplemental [*sic*] response from our agency in the 'rolling release' fashion. The final response determination letter will contain your appeal rights and outline if any information in the 'rolling releases' is deemed non-releasable." Accompanying this letter were 20 files totaling approximately 283 pages. This brought the total produced pages to approximately 1,325 out of the 12,000 that BOP initially estimated fell within the 2008 Request. As discussed in greater detail below, some of these pages contained redactions and, in some such cases, shorthand claims of exemption.

19. PLN did not receive any additional files or communications from BOP for over two years.

20. On November 8, 2013, PLN sent a letter to BOP, a copy of which is attached as Exhibit J, demanding that the 2008 Request be satisfied in full by December 9, 2013. PLN also noted that BOP had made no response to the 2010 Request, and similarly demanded a December 9, 2013 deadline for records related to that request.

21. Also on November 8, 2013, PLN requested documents from BOP pursuant to FOIA documenting all money BOP paid for lawsuits and claims against it between January 9, 2010, up to and including November 8, 2013 (the "2013 Request"). PLN requested a copy of the verdict or settlement in each case identifying the dollar amount of damages, the plaintiff's or claimant's identity and the identifying information (*i.e.*, names, docket number, court) for each lawsuit, administrative claim, and/or attorney fee award. PLN also requested a copy of the complaint or other documents describing the facts of the case. This request is FOIA Request 2014-01200, a copy of which is attached as Exhibit K.

22. PLN requested a fee waiver for processing its 2013 Request and providing copies of the relevant documents.

23. In a letter dated November 14, 2013, a copy of which is attached as Exhibit L, BOP sent PLN a letter confirming receipt of the 2013 Request. The letter did not include a schedule of production or a description of the documents to be produced or withheld.

24. In a letter dated December 3, 2013, a copy of which is attached as Exhibit M, BOP again acknowledged receipt of the three FOIA requests. The BOP stated that its records did not reflect BOP's receipt of the 2010 Request – even though it was submitted in identical fashion and using identical means as the 2008 Request and 2013 Request – so BOP

would consider the 2010 Request received at the same time as the 2013 Request, and it designated the 2010 request as FOIA Request 2014-01468.

25. The BOP stated that, as per the 2008 Request, it will provide to the PLN "on a rolling basis, the records it has already reviewed and processed (3/4 of these records have already been reviewed, so your client should expect to receive the processed records soon)."

26. The BOP stated that, as per the 2010 Request, it will "Search for, review, process, and release, on a rolling basis, the types of records and information that are not the basis for the current appeal."

27. The BOP stated that, as per the 2013 Request, it will "Search for, review, process, and release, on a rolling basis, the types of records and information that are not the basis for the current appeal."

28. PLN did not receive any productions from BOP in response to any FOIA Requests after receipt of this November 3, 2013 letter.

29. PLN has not received a final determination in response to any FOIA Requests.

30. PLN has not received a decision regarding its fee waiver requests for any of the FOIA Requests.

**BOP Failed to Conduct a Reasonable Search for and Produce Responsive Documents, and Has Withheld Redacted Information Without Proper Justification**

31. The BOP's production in response to the 2008 Request was inadequate under FOIA because BOP failed to produce documents which it has acknowledged are in its possession and are responsive to the 2008 Request.

32. The BOP has failed to produce any documents in response to the 2010 Request or the 2013 Request.

33. Many of the pages from the July 28, 2010 production contain redactions obscuring parts of the documents, indicating that records were withheld. Some of these redactions have notations hinting at a statutory FOIA exemption (*i.e.*, (b)(6)) and some do not. Other than these occasional notations, BOP has provided no explanation of the statutory basis and reasons for redacting the documents, nor did it provide any index or other statement indicating the nature of the materials withheld. BOP also has never produced the promised "final response determination letter" that BOP indicated would "contain [PLN's] appeal rights and outline if any information … is deemed non-releasable."

## V.  CLAIMS FOR RELIEF.

### FIRST CLAIM FOR RELIEF

34. Plaintiff restates and reincorporates paragraphs 1 through 33 above as if fully set forth herein.

35. PLN filed BOP FOIA Request 2008-03376 with BOP under FOIA on January 18, 2008, requesting a fee waiver and seeking access to records documenting all money BOP paid for lawsuits and claims against it between August 1, 2003, up to and including January 21, 2008 (the "2008 Request"). PLN requested a copy of the verdict or settlement in each case identifying the dollar amount of damages, the plaintiff's or claimant's identity and the identifying information (*i.e.*, names, docket number, court) for each lawsuit, administrative claim, and/or attorney fee award. PLN also requested a copy of the complaint or other documents describing the facts of the case.

36. Although 5 U.S.C. § 552(a)(6)(A)(i) requires BOP to issue a determination on PLN's FOIA Request within twenty working days after receipt, with at most one ten-

8

working-day extension under 5 U.S.C. § 552(a)(6)(B), BOP has not yet made any determination on PLN's request and has not disclosed the entirety of the requested records.

37. The BOP stated by letter of September 6, 2011 (Exhibit I) that a supplemental response on the 2008 Request would be forthcoming, that the response would state PLN's appeal rights, and that it would outline any information deemed non-releasable, but PLN has received no such follow-up from BOP.

38. PLN has a statutory right to the agency records it requested from BOP under the FOIA, and there is no legal basis for BOP to withhold the records.

39. Because BOP has not fully responded within the statutory time limit, PLN has exhausted its administrative remedies and may bring suit under 5 U.S.C. § 552(a)(6)(C).

40. Although BOP was required to make a good faith effort to conduct a search for the requested records, using methods that can reasonably be expected to identify responsive records, BOP failed to conduct such a reasonable search for documents responsive to the request. Specifically, BOP has acknowledged the existence of records responsive to the 2008 Request, as properly construed, but has not produced those records. Additionally, BOP has redacted portions of documents that it has produced without establishing a statutory right to do so, providing an index of the material redacted, or justifying the FOIA exemptions to which its notations on the document alluded, in those cases where such notations were provided.

41. The BOP's failure to fully act on PLN's FOIA Requests violates its statutory obligation to make agency records available under 5 U.S.C. § 552(a)(6).

42. The BOP's failure to act on PLN's FOIA Requests violates the statutory time limits set forth in 5 U.S.C. § 552(a)(6) for responding to PLN's FOIA Requests.

43. The BOP's failure to indicate any applicable FOIA exemption in some cases of redaction, and its failure to explain the justifications for redaction and the applicability of the noted FOIA exemptions in the remaining cases, violates the statutory obligation to make agency records available under 5 U.S.C. §§ 552(a)(6), (b), and (d).

44. As a result of these actions, BOP violated the FOIA by denying PLN access to records to which PLN were entitled.

## SECOND CLAIM FOR RELIEF

45. Plaintiff restates and reincorporates all paragraphs above as if fully set forth herein.

46. PLN filed BOP FOIA Request 2014-01468 with BOP under FOIA on January 8, 2010, requesting a fee waiver and seeking access to records documenting all money BOP paid for lawsuits and claims against it between January 22, 2008, up to and including January 8, 2010 (the "2010 Request").  PLN requested a copy of the verdict or settlement in each case identifying the dollar amount of damages, the plaintiff's or claimant's identity and the identifying information (*i.e.*, names, docket number, court) for each lawsuit, administrative claim, and/or attorney fee award.  PLN also requested a copy of the complaint or other documents describing the facts of the case.

47. Although 5 U.S.C. § 552(a)(6)(A)(i) requires BOP to issue a determination on PLN's FOIA Request within twenty working days after receipt, with at most one ten-working-day extension under 5 U.S.C. § 552(a)(6)(B), BOP has not yet made any determination on PLN's request and has not disclosed the requested records.

48. PLN has a statutory right to the agency records it requested from BOP under the FOIA, and there is no legal basis for BOP to withhold the records.

49. Because BOP has not responded within the statutory time limit, PLN has exhausted its administrative remedies and may bring suit under 5 U.S.C. § 552(a)(6)(C).

50. Although BOP was required to make a good faith effort to conduct a search for the requested records, using methods that can reasonably be expected to identify responsive records, BOP failed to conduct such a reasonable search for documents responsive to the request.

51. The BOP's failure to act on PLN's FOIA Requests violates its statutory obligation to make agency records available under 5 U.S.C. § 552(a)(6).

52. The BOP's failure to act on PLN's FOIA Requests violates the statutory time limits set forth in 5 U.S.C. § 552(a)(6) for responding to PLN's FOIA Requests.

53. As a result of these actions, BOP violated the FOIA by denying PLN access to records to which PLN were entitled.

## THIRD CLAIM FOR RELIEF

54. Plaintiff restates and reincorporates all paragraphs above as if fully set forth herein.

55. PLN filed BOP FOIA Request 2014-01200 with BOP under FOIA on November 8, 2013, requesting a fee waiver and seeking access to records documenting all money BOP paid for lawsuits and claims against it January 9, 2010, up to and including November 8, 2013 (the "2013 Request").  PLN requested a copy of the verdict or settlement in each case identifying the dollar amount of damages, the plaintiff's or claimant's identity and the identifying information (*i.e.*, names, docket number, court) for each lawsuit, administrative claim, and/or attorney fee award.  PLN also requested a copy of the complaint or other documents describing the facts of the case.

56. Although 5 U.S.C. § 552(a)(6)(A)(i) requires BOP to issue a determination on PLN's FOIA Request within twenty working days after receipt, with at most one ten-working-day extension under 5 U.S.C. § 552(a)(6)(B), BOP has not yet made any determination on PLN's request and has not disclosed the requested records.

57. PLN has a statutory right to the agency records it requested from BOP under the FOIA, and there is no legal basis for BOP to withhold the records.

58. Because BOP has not responded within the statutory time limit, PLN has exhausted its administrative remedies and may bring suit under 5 U.S.C. § 552(a)(6)(C).

59. Although BOP was required to make a good faith effort to conduct a search for the requested records, using methods that can reasonably be expected to identify responsive records, BOP failed to conduct such a reasonable search for documents responsive to the request.

60. The BOP's failure to act on PLN's FOIA Requests violates its statutory obligation to make agency records available under 5 U.S.C. § 552(a)(6).

61. The BOP's failure to act on PLN's FOIA Requests violates the statutory time limits set forth in 5 U.S.C. § 552(a)(6) for responding to PLN's FOIA Requests.

62. As a result of these actions, BOP violated the FOIA by denying PLN access to records to which PLN were entitled.

## **RELIEF**

WHEREFORE, Plaintiff prays for an order expediting proceedings on this Complaint and for judgment:

1. Declaring that the agency's failure to disclose the records Plaintiff requested is unlawful;

2. Enjoining the agency from withholding the requested records;

3. Ordering the agency to conduct a prompt, reasonable search for the requested records;

4. Ordering the agency to make the requested records immediately available to Plaintiff, including all redacted portions unlawfully withheld;

5. Awarding Plaintiff's costs and reasonable attorneys' fees in this action under 5 U.S.C. § 552(a)(4)(E); and

6. Granting such other and further relief as is just and proper.

Dated:  June 3, 2015

    Respectfully submitted,

    DAVIS WRIGHT TREMAINE LLP

By:     /s/ Ronald G. London
    Ronald G. London – Bar No. 456284
    ronnielondon@dwt.com
    1919 Pennsylvania Avenue, N.W., Suite 800
    Washington, DC 20006-3401
    Tel: 202-973-4200; Fax: 202-973-4435

    Ashley Vulin (*pro hac* motion to be filed)
    ashleyvulin@dwt.com
    1300 SW Fifth Avenue, Suite 2400
    Portland, OR 97201
    Tel: 503-778-5493;  Fax: 503-276-5793

    HUMAN RIGHTS DEFENSE CENTER

By:     /s/ Lance Weber
    Lance Weber, FL # 104550
    Sabarish Neelakanta, FL #26623
    P.O. Box 1151
    Lake Worth, FL  33460
    Tel: 561-360-2523
    lweber@hrdc-law.org
    sneelakanta@hrdc-law.org

*Attorneys for Plaintiff Prison Legal News*

## VERIFICATION

I, Paul Wright, on behalf of Prison Legal News, have read the above complaint and verify under penalty of perjury that the facts alleged are true to the best of my knowledge, recollection, information, and belief.

Executed this 22 day of May, 2015.

Paul Wright
Prison Legal News